IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON-ERIC PHOENIXX,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID MECKLENBURG, OWNER, BEACH BUMS BBQ BAR & GRILL,<br><br>Defendant. | CIV. NO. 21-00302 LEK-RT<br><br>FINDINGS AND RECOMMENDATION TO DENY APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS |

**FINDINGS AND RECOMMENDATION TO DENY
APPLICATION TO PROCEED IN DISTRICT COURT
<u>WITHOUT PREPAYING FEES OR COSTS</u>**

Before the Court is Plaintiff Jon-Eric Phoenixx's Application to Proceed in District Court without Prepaying Fees or Costs ("Application"), filed on July 9, 2021.  ECF No. 2.  Pursuant to Rule 7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii, the Application shall be decided without a hearing.

After careful review of the IFP Application, Complaint, and applicable law, the Court finds that the Application should be DENIED as moot.  First, Plaintiff failed to exhaust administrative remedies prior to filing the Complaint.  Second, Plaintiff's Complaint fails to state a claim on which relief may be granted.  Accordingly, the Complaint should be dismissed without prejudice and because

there would be no operative Complaint, the Application should be DENIED as moot.

## BACKGROUND

Plaintiff filed an Employment Discrimination Complaint on July 9, 2021. ECF No. 1. The Complaint states that Plaintiff's action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination based on race or color. Plaintiff alleges that on January 28, 2018, he and Taffany Noribralb, an employee of Beach Bums BBQ Bar & Grill ("Beach Bums BBQ"), argued while working a catering project. The argument appears to be about the presentation of food. Plaintiff also alleges that "[s]ome of the Marshalese [sic] line cooks, [sic] would try & pick a fight with me on the [sic] & call me the "N" word & pick on me about my race." Id. at PageID #: 3. Plaintiff also alleges that he was assaulted on the job, but does not state who assaulted him nor does he explain why he believes he was assaulted based on his race. Plaintiff claims that the owner of Beach Bums BBQ told him that Plaintiff would be provided with worker's compensation and told Plaintiff to lie to the doctors. Plaintiff also alleges that Dave Mecklenburg and Daniel Kirkpatrick told Plaintiff that Plaintiff "was no good & my work in their terms was 'shit!'" Id.

On July 9, 2021, Plaintiff filed the instant Application. ECF No. 3. Plaintiff states that Plaintiff's gross wages are $14.00 per hour and take-home wages are $400.00 to $500.00 every two weeks. Plaintiff claims that Plaintiff does

not receive income from any additional source and only has $10.64 in a checking or savings account. Plaintiff claims he does not own any assets and has no monthly expenses or debt.

## DISCUSSION

The Court shall liberally construe Plaintiff's pleading as Plaintiff is appearing pro se. Edridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). Courts must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any claims that are frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune to such relief. 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

### A.     Plaintiff Failed to Exhaust Administrative Remedies

"Title VII contains several distinct filing requirements which a claimant must comply with in bringing a civil action." Valenzuela v. Kraft, Inc., 801 F.2d 1170, 1172 (9th Cir. 1986), opinion amended on denial of reh'g, 815 F.2d 570 (9th Cir. 1987). "It is well established that before an aggrieved employee may file a lawsuit asserting employment discrimination claims under . . . Title VII . . . [that

3

employee] must first exhaust administrative remedies by filing a timely charge with the Equal Employment Opportunity Commission . . . and by receiving a right-to-sue letter." Jass v. CherryRoad Technologies, Inc., 449 F. Supp. 3d 923 (D. Haw. 2020) (citing 42 U.S.C. § 2000e-5(e)(1), (f)(1); Scott v. Gino Morena Enters., LLC, 888 F.3d 1101, 1104, 1106 (9th Cir. 2018) (citations omitted). Thus, in order "[t]o file a claim under Title VII, a plaintiff must file a charge with the EEOC within 180 days of the last discriminatory act."[1] Ching v. Chugach Management Services, Inc., Civ No. 13-00023 SOM-KSC, 2014 WL 282225, *3 (D. Haw. Jan. 27, 2014) (citing Bouman v. Block, 940 F.2d 1211, 1219 (9th Cir. 1991) (citing 42 U.S.C. § 2000e5(e)). "Second, after exhausting administrative remedies, a claimant has 90 days to file a civil action." Scott, 888 F.3d at 1106 (citing 42 U.S.C. § 2000e-5(f)(1)).

Plaintiff has indicated in the Application that Plaintiff has not obtained a right-to-sue letter. In other words, Plaintiff has brought this action prior to exhausting administrative remedies. Accordingly, Plaintiff's motion is premature.

B.   **The Complaint Fails to State a Claim**

Federal Rule of Civil Procedure 8 requires that a pleading must contain a short and plain statement of the grounds for the court's jurisdiction, a short and

---

[1] Plaintiff states that the "alleged discrimination occurred on or about January 18, 2018." ECF No. 1 at PageID #: 4. Without more information, it appears that if Plaintiff has not filed an administrative charge, any attempt to do so now would be untimely.

plaint statement of the claim showing that plaintiff is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). In this case, Plaintiff names David Mecklenburg, the owner of Beach Bums BBQ, as the defendant, but even assuming that all of Plaintiff's allegations are true, Plaintiff fails to allege any facts that support an employment discrimination claim based on race or color. Despite this lack of information, "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Terracom v. Valley Nat. Bank, 49 F.3d 555, 558 (9th Cir. 1995) (citation omitted). In this case, although the Complaint fails to state a claim upon which relief can be granted, the Court cannot find that there are no set of facts Plaintiff can assert that would support his claims. Accordingly, Plaintiff's Complaint is dismissed with leave to amend.

C.     **Plaintiff is Required to Complete the Application with All Relevant Information**

Although the Court need not reach the issue of whether Plaintiff qualifies to have his fees waived, based on this Court's review of the Application, it appears that Plaintiff may not have submitted a complete statement regarding his financial status. Based on the information Plaintiff provided in the Application, it is unclear whether Plaintiff genuinely cannot afford to prepay the costs of initiating this action. Accordingly, if Plaintiff files another application, Plaintiff must either

remit the appropriate filing fee or submit another application which provides a complete and accurate statement regarding Plaintiff's income, assets, debt/obligations, monthly expenses, and property.

Plaintiff is reminded that Rule 11(b)(1) of the Federal Rules of Civil Procedure states that "[b]y presenting to the court a pleading, written motion, or other paper . . . [an] unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . it is not being presented for any improper purpose . . . " Fed. R. Civ. P. 11(b)(1).  Failure to follow the rules may result in monetary sanctions or dismissal of this case.

## **CONCLUSION**

The Court FINDS and RECOMMENDS that the district court DISMISS the Complaint with leave to amend and DENY as MOOT the Application WITHOUT PREJUDICE.  If Plaintiff wishes to amend the Complaint, Plaintiff must do so according to the requirements under Rule 15 and LR10.4.  One of these requirements is that Plaintiff must reproduce the entire pleading as amended and may not incorporate by reference any other document, including any prior pleading.  LR10.4.  Plaintiff should write as legibly as possible and should also submit any proposed amended pleading in redlined format as required by LR10.4.

The Court RECOMMENDS that Plaintiff be GRANTED leave to pay the filing fee or file another Application to Proceed in District Court Without

Prepayment of Fees and Costs within (3) weeks after the district court takes action on this Findings and Recommendation.

Plaintiff shall not file a proposed first amended complaint and application to proceed in district court without prepaying fees and costs until the district court issues its ruling. If the district court grants leave to amend, Plaintiff must do so before the deadline set by the district court.

The Rule 16 telephonic scheduling conference set for 9:00 a.m. on October 21, 2021 is continued to December 10, 2021 at 9:00 a.m.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 28, 2021.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 21-00302 LEK-RT; *Jon-Eric Phoenixx vs. David Mecklenburg, Owner, Beach Bums BBQ Bar & Grill*; Findings and Recommendation to Deny Application to Proceed in District Court Without Prepaying Fees or Costs